

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-17-00747-CV

**IN THE INTEREST OF J.J.S.**, E.F.S., and X.C.M.S., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02857
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  February 28, 2018

AFFIRMED

Appellant A.M. (mother) and appellant J.S. (father) appeal the trial court's order terminating their parental rights to their children J.J.S., E.F.S., and X.C.M.S.  A.M. challenges the sufficiency of the evidence to support the trial court's predicate statutory findings, and both A.M. and J.S. challenge the sufficiency of the evidence to support the trial court's finding that termination was in the children's best interest.  We affirm the trial court's order.

**BACKGROUND**

On December 22, 2016, the Texas Department of Family and Protective Services filed a petition to terminate A.M.'s and J.S.'s parental rights to J.J.S. and E.F.S.  On the date the petition was filed, J.J.S. was almost two, and E.F.S. was almost one.  On March 16, 2017, the Department

filed an amended petition also seeking to terminate A.M.'s and J.S.'s parental rights to X.C.M.S., who was born on March 1, 2017. A bench trial was held on October 30, 2017.

The Department's caseworker, who had been assigned the case since its inception, testified the children were placed in a kinship home with maternal cousins and were doing very well. The caseworker stated A.M. did not receive any prenatal care while pregnant with X.C.M.S., and X.C.M.S. was born prematurely. X.C.M.S.'s medical issues arising from his premature birth, however, were being addressed. The children were removed from their parents' care based on allegations that the parents were dealing drugs out of the home with the children present, the children were being left unattended, and the parents were constantly under the influence of drugs while the children were in the parents' care. When the Department contacted the parents, J.S. admitted using synthetic marijuana, and A.M. admitting using amphetamines.

The caseworker also testified she could only obtain drug tests when the parents appeared in court because they did not otherwise appear for scheduled drug tests. A.M.'s test results were positive. The only service plan requirement A.M. completed was the psychological evaluation. She did not complete the drug and alcohol assessment, parenting classes, or individual therapy. She also did not have stable employment or housing. J.S. completed a parenting class and the psychological evaluation; however, he did not complete the drug and alcohol assessment or individual therapy. He also failed to provide proof of employment or stable housing. Neither parent paid any of their court-ordered child support or otherwise provided tangible support for the children.

The caseworker further testified J.S. was scheduled to have a one-hour visit with the children each week, and J.S. attended maybe twenty-five percent of the scheduled visits. The parents only had four visits with the children in the four months preceding trial, and A.M. was present for only portions of those visits. Since June of 2017, the caseworker estimated A.M. and

J.S. had visited with the children for two hours and five hours, respectively. The caseworker testified the parents' visits with the children were inappropriate because A.M. and J.S. would cuss at each other in front of the children. The children did not ask about their parents and are bonded with their caregivers. The Department's long-term plan is for the children to be adopted by their current caregivers. The caseworker stated termination of the parents' rights was in the children's best interest.

A.M. testified she was living with her sister but admitted the house was not appropriate for the children because it only had one bedroom. A.M. planned to support the children by working but admitted her current employment was "on and off right now."

J.S. testified he had been working for a tree service "[o]ff and on for about a month" and worked about eighteen to nineteen hours a week. He did not complete the drug and alcohol assessment due to scheduling difficulties but stated he completed some of the classes required by his service plan while he was incarcerated. J.S. had been living with his mother in her one-bedroom apartment for about two weeks. Before that, he was homeless. J.S. testified he could not attend all of the visits with the children due to transportation issues. On cross-examination, J.S. testified he would not be surprised if his mother said he did not live with her. Although the tree service company also reported J.S. was not working there, J.S. explained the person at the company knows him by a different name.

The children's ad litem testified the children are doing great with their placement and are very bonded with the family. The children believe the placement is their forever home.

After hearing the evidence, the trial court terminated A.M.'s and J.S.'s parental rights. A.M. and J.S. appeal.

**STANDARD OF REVIEW AND STATUTORY REQUIREMENTS**

To terminate parental rights pursuant to section 161.001 of the Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of four predicate grounds to terminate A.M.'s parental rights and three predicate grounds to terminate J.S.'s parental rights. The trial court also found termination of A.M.'s and J.S.'s parental rights was in the best interest of the children.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

**PREDICATE FINDINGS**

In her brief, A.M. only challenges the sufficiency of the evidence to support three of the four predicate findings made by the trial court. When, as here, the trial court terminates a parent's rights on multiple predicate grounds, we may affirm on any one ground. *In re D.J.H.*, 381 S.W.3d 606, 611-12 (Tex. App.—San Antonio 2012, no pet.). And, because we may affirm on any one ground, A.M.'s failure to challenge the sufficiency of the evidence to support the trial court's finding on the fourth predicate ground waived any complaint regarding the sufficiency of the evidence to support that predicate ground. *See In re T.A.P., Jr.*, No. 04-17-00137-CV, 2017 WL 3044570, at *3 (Tex. App.—San Antonio July 19, 2017, no pet.) (mem. op.); *In re C.A.P.*, No. 04-

12-00553-CV, 2013 WL 749825, at \*4 (Tex. App.—San Antonio Feb. 27, 2013, pet. denied) (mem. op.); *In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.). Therefore, because the unchallenged predicate ground supports the termination of A.M.'s parental rights, A.M.'s first issue is overruled.

### BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The children are too young to express their desires; however, they are bonded with their caregivers who plan to adopt them. *See In re D.S.O.*, No. 04-14-00061-CV, 2014 WL 2802931, at \*7 (Tex. App.—San Antonio June 18, 2014, no pet.) (mem. op.) (relying on evidence that child bonded with foster parents as evidence to support trial court's best interest finding). Neither parent had completed their service plan or demonstrated an ability to parent the children even during their

brief visits with the children. *In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports a finding that termination is in the best interest of the child). In addition, neither parent had stable employment or stable housing. *See In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting parent's inability to provide a stable home supports a finding that termination is in the best interest of the child). Finally, the children were removed from the parents based on allegations relating to drug use, and A.M. tested positive for drugs while the case was pending. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child). Although J.S. tested negative, he was only tested on the days he knew he was appearing in court, and he did not complete the required drug and alcohol assessment.

Having reviewed the record, we hold the evidence is sufficient to support the trial court's finding that termination of A.M.'s and J.S.'s parental rights was in the children's best interest.

## CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice