



**MEMORANDUM OPINION**

No. 04-08-00252-CV

**IN THE INTEREST OF G.F.A., A CHILD**

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-PA-01378
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:    August 20, 2008

REVERSED AND RENDERED

George A. appeals the judgment of the trial court terminating his parental rights to his child,

G.F.A.,[1] for engaging in criminal conduct.  *See* TEX. FAM. CODE ANN. § 161.001(1)(Q) (Vernon

Supp. 2007).  George contends there is insufficient evidence to support the trial court's finding that

his parental rights should be terminated pursuant to section 161.001(1)(Q) of the Family Code.

Based on the record before us, we must reverse and render judgment in George's favor.

**BACKGROUND**

---

[1] To protect the privacy of the child and parents in this case, we identify the child by his initials and the parents by their first names only.

George and Elizabeth T. are the biological parents of G.F.A., who was born March 18, 1998. George has not seen Elizabeth since 2002, when George was sentenced to a 65-month term of imprisonment for the offense of possession of a firearm by a felon. On July 3, 2006, nearly four years after George began serving his prison sentence, Elizabeth filed a petition seeking to terminate George's parental rights to G.F.A. based upon George's conviction and incarceration for unlawful possession of a firearm. George, however, was released from prison before the trial court could consider Elizabeth's petition to terminate George's parental rights. The record shows that George was released from prison for his firearm violation on May 20, 2007, less than a year after Elizabeth filed her termination petition.

The trial court held a bench trial on Elizabeth's termination petition on January 16, 2008. Other than testimony regarding attorney's fees, Elizabeth was the only witness to testify at the termination proceeding. Elizabeth testified that when she decided to file her petition to terminate, George had been incarcerated for about four years for unlawfully possessing a firearm. Elizabeth confirmed that George was released from prison approximately 10 months after she filed her petition. Although she acknowledged that George was released from prison in May 2007 for his firearm violation, she testified she had recently discovered that George was once again in prison. Elizabeth, however, provided no additional details about George's reincarceration.[2]

After hearing the evidence presented by Elizabeth, the trial court terminated George's parental rights for engaging in criminal conduct. The trial court signed an order terminating George's parental rights on March 12, 2008, stating that the "clear and convincing evidence" indicates George "knowingly engaged in criminal conduct that has resulted in his conviction of an

---

[2] The record shows that Elizabeth's attorney attempted to introduce evidence that George had committed a parole violation and a stabbing at a nightclub, but the trial court sustained George's hearsay objections to such evidence.

offense and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed" as required by section 161.001(1)(Q) of the Family Code. This appeal followed.[3]

## STANDARD OF REVIEW

Parental rights can be terminated only by a showing of clear and convincing evidence. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "This intermediate standard falls between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings." *In re S.B.*, 207 S.W.3d 877, 884 (Tex. App.—Fort Worth 2006, no pet.). Clear and convincing evidence is defined as "'the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *J.F.C.*, 96 S.W.3d at 264 (citation omitted).

The higher burden of proof applied in termination cases alters the appellate standard of legal sufficiency review. *Id.* at 265; *S.B.*, 207 S.W.3d at 884. When reviewing the evidence for legal sufficiency in parental termination cases, appellate courts must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *J.F.C.*, 96 S.W.3d at 265-66; *S.B.*, 207 S.W.3d at 884. We review all the evidence in the light most favorable to the judgment. *S.B.*, 207 S.W.3d at 884. "This means that we must assume that the factfinder resolved any disputed facts in favor of its finding if a reasonable factfinder could have done so." *Id.* The appellate court must also disregard all evidence that a reasonable factfinder could have disbelieved. *Id.* at 884-85. However, we must consider undisputed

---

[3] In Elizabeth's response to George's brief, Elizabeth relies on matters outside the appellate record in making her arguments to this court. It is improper for parties to rely on matters outside the record in making arguments to the court. *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating parties cannot rely on matters outside the record in making arguments to the appellate court). Therefore, we shall not consider the improper factual recitations by Elizabeth and confine our review to the appellate record before us.

evidence even if it does not support the finding. *Id.* at 885. If the court determines that no reasonable factfinder could form a firm belief or conviction that the grounds for termination were proven, then the evidence is legally insufficient and we must render judgment for the parent. *Id.*

### DISCUSSION

George claims there is insufficient evidence to support the trial court's finding that his parental rights should be terminated pursuant to section 161.001(1)(Q) of the Family Code. Section 161.001(1)(Q) provides "for termination where the parent has 'knowingly engaged in criminal conduct that has resulted in the parent's conviction of an offense,' and confinement or imprisonment creates an inability to care for the child lasting for not less than two years from the date of filing the petition." *In re B.L.*, No. 04-05-00621-CV, 2006 WL 1895450, *2 (Tex. App.—San Antonio 2006, pet. denied) (mem. op.); *see* TEX. FAM. CODE ANN. § 161.001(1)(Q). We apply section 161.001(1)(Q) prospectively. *In re A.V.*, 113 S.W.3d 355, 360 (Tex. 2003). Thus, section 161.001(1)(Q) allows for termination when the parent will be confined or imprisoned and unable to care for the child for at least two years after termination proceedings begin. *See id.* at 360-61; *Smith v. Dep't of Family & Protective Servs.*, No. 01-07-00648-CV, 2008 WL 2465795, *3 (Tex. App.— Houston [1st Dist.] June 19, 2008, no pet. h.) (mem. op.). With these principles in mind, we now turn to the trial court's section 161.001(1)(Q) finding.

It is undisputed that George was serving a 65-month sentence for unlawful possession of a firearm when Elizabeth filed her petition to terminate on July 3, 2006. However, George completed his prison sentence for this offense and was released from prison on May 20, 2007, which was less than a year after termination proceedings began. Because George's incarceration for his firearm violation did not extend for two years from the initiation of the termination proceedings, evidence

relating to this particular offense is insufficient to support the trial court's section 161.001(1)(Q) finding.

As for Elizabeth's testimony about George's reincarceration shortly before the start of the January 16, 2008 termination hearing, Elizabeth failed to provide any details about the nature of George's reincarceration. Absent additional information concerning George's sentence and expected release date, Elizabeth's testimony is insufficient to support the trial court's section 161.001(1)(Q) finding. George's insufficiency challenge to the trial court's section 161.001(1)(Q) finding must be sustained given the record presented.

CONCLUSION

Because there is legally insufficient evidence to support the trial court's section 161.001(1)(Q) finding, we conclude George's parental rights were improperly terminated by the trial court. Accordingly, we reverse the judgment of the trial court and render judgment denying Elizabeth's request to terminate George's parental rights to G.F.A.

Catherine Stone, Justice