

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00714-CV

**IN THE INTEREST OF A.D.R.** et al., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02508
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  March 14, 2018

AFFIRMED

J.G. appeals the trial court's order terminating her parental rights to her five children, A.D.R., C.T.R., J.A.H., S.M.A., and S.M.H. The only issue presented on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the children's best interest. We affirm the trial court's order.

## BACKGROUND

On November 7, 2016, the Texas Department of Family and Protective Services filed a petition to terminate J.G.'s parental rights to A.D.R., C.T.R., J.A.H., S.M.A., and S.M.H. On the date the petition was filed, the children ranged in age from eight to almost sixteen. A bench trial was held on October 20, 2017.

J.G. testified she started engaging in services only a month or two before trial because she was still depressed over the death of her five-month-old son in 2014. J.G. was initially allowed to visit with the children three times a month, but the visits were contingent on negative drug tests. The visitation schedule was subsequently changed to twice a month. J.G. stated she had visited with the children only three or four times while the case was pending. J.G. admitted the Department removed the children because J.G. was using methamphetamine. J.G. also admitted she tested positive for methamphetamine the month before trial. On the date of trial, J.G. was living with her parents and had been unemployed for approximately two years.

Edward Vela, the Department's investigator, testified the case was referred to the Department based on concerns about J.G.'s drug use. J.G. told Vela she had been using methamphetamine on and off for several years. Although J.G. stated the children were enrolled in school, she admitted they had not attended school for several weeks because she did not want to be alone. The school system also confirmed the children had very little attendance since the beginning of the school year.

Angela Christman, the Department's legal caseworker from November of 2016 through March of 2017, testified J.G. reported she and the children had been going back and forth between hotels and her parent's home for approximately two years. Christman also confirmed the children had not been attending school regularly. Although Christman scheduled services for J.G. on multiple occasions, J.G. failed to attend the appointments. J.G. went to only three scheduled drug tests, testing positive for methamphetamine on November 3, 2016, negative on January 6, 2017, and positive for methamphetamine and cocaine on January 19, 2017. Christman testified the children were placed at Bluebonnet Youth Ranch. The children were improving in school and involved in various activities. The children expressed a desire to be adopted by a happy, stable family.

Olivia Stephens, the Department's legal caseworker since March of 2017, testified about the efforts she made to meet with J.G.; however, J.G. did not attend a meeting with her until a court hearing in August of 2017. Although drug assessments had been scheduled for J.G., she had not completed a drug assessment. Stephens had only observed one visit between J.G. and four of the children on August 3, 2017. The second oldest child refused to attend the visit. The visit did not go well because the children told J.G. they wanted to be adopted. J.G. became angry and told the children they would be going home with her which upset the children who began crying and yelling. Prior to the August visit, Stephens testified the children had not seen J.G. since January or February. J.G. had tested positive for methamphetamine as recently as September 13, 2017. With regard to future plans, Stephens testified the older two children want to stay at the ranch where they are placed, and the other three children will be adopted by the same family.

## STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of four predicate grounds to terminate J.G.'s parental rights and also found termination of J.G.'s parental rights was in the best interest of the children.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In*

*re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at \*4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

## BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The children have expressed a desire to remain in their placement or to be adopted, and a family has plans to adopt the three younger children. While the children were in J.G.'s care, they did not regularly attend school, causing them to fall behind. *In re J.D.S.*, *Jr.*, No. 02-11-00272-CV, 2012 WL 2135577, at \*6 (Tex. App.—Fort Worth June 14, 2012, pet. denied) (mem. op.) (referring to parent's failure to ensure children's routine and timely attendance at school as evidence showing termination was in children's best interest). J.G. had only seen the children three or four times in almost a year. *See K.M. v. Tex. Dep't of Family & Protective Servs.*, 388

S.W.3d 396, 405 (Tex. App.—El Paso 2012, no pet.) (discussing parent's failure to visit child as a factor supporting a decision that the best interest of the child required termination). J.G. has not completed services and continued to test positive for methamphetamine. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child); *In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports a finding that termination is in the best interest of the child). The children expressed a desire for a stable home, and J.G. is unemployed and cannot provide stable housing. *See In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting parent's inability to provide a stable home supports a finding that termination is in the best interest of the child).

Having reviewed the record, we hold the evidence is sufficient to support the trial court's finding that termination of J.G.'s parental rights was in the children's best interest.

## CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice