

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00132-CV

**IN THE INTEREST OF T.M.A.** and Y.C-T.A, Children

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-01798
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: August 1, 2018

AFFIRMED

T.G.A. appeals the trial court's order terminating his parental rights to his two children T.M.A. and Y.C-T.A. The only issue presented on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the children's best interest. We affirm the trial court's order.

### BACKGROUND

On August 16, 2016, the Texas Department of Family and Protective Services filed a petition to terminate Y.A.'s parental rights to six of her children with three different fathers. The father of the two oldest children is deceased. T.G.A. is the father of the two youngest children, T.M.A. and Y.C-T.A., and the petition also sought to terminate his parental rights. On the date the petition was filed, T.M.A was seven, and Y.C-T.A. was five.

Regarding the two middle children, during the pendency of the case, the trial court entered an order appointing their father as their managing conservator and Y.A. as possessory conservator with visitation supervised by the Department, and the termination proceeding as to the two middle children was dismissed. Also during the pendency of the case, the trial court entered an order dismissing the case as to the oldest child because she was almost eighteen years of age and expressed a desire to live with her stepfather, T.G.A. The second oldest child was placed in the care of Y.A.'s adult daughter Destiny. T.M.A. and Y.C-T.A. were placed in foster care.

A two-day bench trial was held on February 13, 2018, and February 15, 2018. At the conclusion of the trial, the trial court terminated both Y.A.'s and T.G.A.'s parental rights to T.M.A. and Y.C-T.A. The trial court also terminated Y.A.'s parental rights to the second oldest child. T.G.A. appeals.

### STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of the following three predicate grounds under subsection 161.001(b)(1) to terminate T.G.A.'s parental rights: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger their physical or emotional well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers their physical or emotional well-being; and (3) failure to comply with the court-ordered service plan. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (O); *see also In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (noting evidence that proves one or more statutory grounds for termination may be probative in

proving termination is in the child's best interest). The trial court also found clear and convincing evidence that termination of T.G.A.'s parental rights was in the best interest of the children.[1]

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

### BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id*. The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past

---

[1] The trial court also terminated T.G.A.'s parental rights under section 161.003 of the Code which also requires a finding that termination was in the children's best interest.

conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The testimony established Y.A. abused heroin and prescription medication, and T.G.A. both enabled her drug use and assisted in injecting her. All of the children reported in their interviews that T.G.A. would inject Y.A. with a needle, and Y.A. would become "zombie-like" after being injected. Y.A.'s adult daughter Destiny testified Y.A.'s drug use worsened when she married T.G.A. Although the Department initially allowed T.M.A. and Y.C-T.A. to remain in T.G.A.'s care after the termination petition was filed in August of 2016, the children were removed from his care in November of 2016, when he failed to demonstrate that he could protect them by complying with the service plan requirement that he not allow Y.A. to live in the home with the children. One of the children reported Y.A. would hide in the closet when the caseworker visited. At trial, Y.A. testified she no longer lived with T.G.A.; however, one witness observed T.G.A. with Y.A. at a medical office in October of 2017, December of 2017, and January of 2018. In addition, a police report showed Y.A. was at the home in October of 2017. Accordingly, the evidence established T.G.A. continued to place Y.A.'s needs over the need to protect the children. *See In re O.N.H.*, 401 S.W.3d 681, 684 (Tex. App.—San Antonio 2013, no pet.) ("One parent's endangerment of a child by continued exposure to the other parent's uncontrolled drug habit is a relevant consideration in determining a child's best interest.").

In addition to the enabling Y.A.'s drug use, T.G.A. did not provide the children with food or basic necessities. The first Department investigator found the only food in the refrigerator was milk, mustard, and peanut butter. The older children reported going without eating most days so the younger children could eat. Although the family received food stamps, the two oldest children believed the food stamps were being sold. When the investigator returned the following day, T.G.A. had pawned a television in order to purchase food. Y.A.'s adult daughter Destiny testified

she often purchased food and basic necessities for her siblings when she visited because they were being neglected.  At trial, the caseworker testified T.G.A. had not provided her with any pay stubs since May of 2017.  *See In re R.H.*, No. 04-17-00745-CV, 2018 WL 1831630, at *3 (Tex. App.—San Antonio Apr. 18, 2018, pet. denied) (relying on evidence parent was not employed at the time of trial and unable to provide basic necessities to support best interest finding); *In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting parent's inability to provide a stable home supports a finding that termination is in the best interest of the child).  In addition, the oldest child who had been returned to T.G.A.'s care was working, and the caseworker believed she was supporting herself and T.G.A.

T.G.A. also failed to complete his service plan.  *See In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports a finding that termination is in the best interest of the child).  Although he engaged in counseling from January of 2017 to September of 2017, he "went back and forth" throughout his therapy regarding his relationship with Y.A. even though she refused to obtain treatment.  T.G.A. was unsuccessfully discharged when he began missing appointments.  T.G.A. went to a second counselor for two visits in November of 2017, but then stopped making appointments.

Although T.M.A. and Y.C-T.A. expressed a desire to return to T.G.A.'s care, they were only nine and almost seven at the time of trial, and T.G.A. had not demonstrated he had stable employment and could provide for their basic necessities.  *See In re R.H.*, 2018 WL 1831630, at *3.  The children were in a stable foster home, and the caseworker testified families were interested in adopting the children.  *See In re A.K.L.*, No. 01-16-00489-CV, 2016 WL 7164065, at *11 (Tex. App.—Houston [1st Dist.] Dec. 8, 2016, pet. denied) (relying on better opportunity for children to be adopted to support finding that termination of parental rights was in child's best interest); *see*

*also In re C.H.*, 89 S.W.3d at 28 (holding termination may be in child's best interest "even if the agency is unable to identify with precision the child's future home environment").

Having reviewed the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that termination of T.G.A.'s parental rights was in the children's best interest.

CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice