

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00442-CV

**IN THE INTEREST OF J.D.**, J.H., Jr., and G.A.V., Jr., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01311
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  October 10, 2018

AFFIRMED

P.D. (hereinafter referred to as "Mother") appeals the trial court's order terminating her parental rights to her three children, J.D., J.H., Jr., and G.A.V., Jr.  On appeal, Mother argues the evidence is legally and factually insufficient to support the trial court's finding that termination was in the children's best interests.  We affirm the trial court's order.

## BACKGROUND

On June 15, 2017, the Texas Department of Family and Protective Services filed a petition to terminate Mother's parental rights to the children.  A bench trial was held on June 14, 2018. The Department's caseworker testified that the children were removed due to physical fighting and drug use by the parents and due to unsafe conditions in the home, including mold and broken glass.  Mother was also accused of assaulting her neighbor.  The caseworker testified Mother was

presented with a service plan but refused to sign it. Mother had not started any of her services, including parenting classes, individual therapy, and a drug assessment. At the beginning of the case, Mother exercised visitation with the children, but visits were stopped after Mother told the children she would take them home. At that point, the visits became contingent upon clean drug tests, but Mother refused to test. The children no longer ask about visiting Mother. The caseworker described Mother as combative throughout the case. Mother was diagnosed as suffering from schizoaffective disorder, bipolar type. Mother appeared to be bonded to the children, asked about them, and wanted more time to work services.

The caseworker opined that it was in the best interest of the children to terminate Mother's parental rights because Mother "has not shown stability, especially with her mental health." She believed that the children had been affected by the domestic violence and drug use that they saw in Mother's home. The oldest child, age 9, was afraid to go back to Mother because he did not feel safe around her. The middle child, age 6, yelled and exhibited defiant behavior. The youngest child, age 2, had not shown any signs or symptoms of being affected. The youngest child was placed with his paternal grandparents and the other two children were placed with the eldest's paternal grandfather. The children were doing well in their current placements, and the Department planned for each child to be adopted by a relative. All three placements agreed to maintain sibling contact.

Mother testified that she would like to begin working services. Mother stated she was currently living with her mother and had been in and out of jail during the case because a neighbor beat her up and sprayed her kids with pepper spray. Mother stated she did not have a clear understanding that her parental rights would be terminated unless she complied with her family service plan.

After hearing the testimony and argument of counsel, the trial court terminated Mother's parental rights.

## STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of five predicate grounds to terminate Mother's parental rights and also found termination of Mother's parental rights was in the best interest of the children. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (N), (O), (P), (2).

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002). Under this standard, the trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

## BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions

of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Here, there was evidence that the oldest child did not feel safe around Mother and did not want to return home. The caseworker testified that all three children were doing well in their familial placements, and that relative adoption was planned for each child. There was evidence that Mother used drugs and refused to test for drugs during the case. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child); *see also In re E.R.W.*, 528 S.W.3d 251, 265 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding trial court could reasonably infer that parent's failure to submit to court-ordered drug screening indicates she was avoiding testing because she was using illegal drugs). Mother's failure to submit to drug tests ultimately prevented her from visiting her children, and at the time of trial, it had been eight or nine months since she had last seen the children. *See K.M. v. Tex. Dep't of Family & Protective Servs.*, 388 S.W.3d 396, 405 (Tex. App.—El Paso 2012, no pet.) (discussing parent's failure to visit child as factor supporting finding that termination was in child's best interest). In addition, the evidence showed that the children were exposed to unsafe living conditions and physical violence. *See In re O.N.H.*, 401 S.W.3d 681, 685–86 (Tex. App.—San Antonio 2013, no pet.) (considering evidence of physical violence as relevant to a child's best interest). Finally, the evidence conclusively showed that Mother did not engage in her service plan. *See In re S.B.*, 207 S.W.3d 877, 887–88 (Tex.

App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports a finding that termination is in the best interest of the child).

Having reviewed the record, we hold the evidence is sufficient to support the trial court's finding that termination of Mother's parental rights was in the children's best interests.

## CONCLUSION

The order of the trial court is affirmed.

Rebeca C. Martinez, Justice