

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00659-CV

**IN THE INTEREST OF E.X.G.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01161
Honorable Richard Garcia, Judge Presiding

Opinion by:　Sandee Bryan Marion, Chief Justice

Sitting:　　　Sandee Bryan Marion, Chief Justice
　　　　　　　Patricia O. Alvarez, Justice
　　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

S.G. appeals the trial court's order terminating her parental rights to E.X.G.  The only issue presented on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in E.X.G.'s best interest.  We affirm the trial court's order.

### BACKGROUND

On May 30, 2017, the Texas Department of Family and Protective Services filed a petition to terminate S.G.'s parental rights to E.X.G.  On the date the petition was filed, E.X.G. was five.

A bench trial was held on July 25, 2018.  At the conclusion of the trial, the trial court terminated S.G.'s parental rights, and she appeals.

**STANDARD OF REVIEW AND STATUTORY REQUIREMENTS**

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of the following four predicate grounds under subsection 161.001(b)(1) to terminate S.G.'s parental rights: (1) engaged in conduct or knowingly placed E.X.G. with persons who engaged in conduct which endangers his physical or emotional well-being; (2) constructively abandoned E.X.G.; (3) failed to comply with the court-ordered service plan; (4) used a controlled substance in a manner that endangered E.X.G.'s health and safety and failed to complete a court-ordered substance abuse treatment plan. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(E), (N), (O) (P); *see also In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (noting evidence that proves one or more statutory grounds for termination may be probative in proving termination is in the child's best interest). The trial court also found clear and convincing evidence that termination of S.G.'s parental rights was in E.X.G.'s best interest.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

**BEST INTEREST FINDING**

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors

include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The testimony established E.X.G. was removed from S.G.'s care because she was smoking methamphetamines while E.X.G. was present in the home. By the time of trial, S.G. had not completed any services despite the caseworker's efforts to personally transport her on multiple occasions to and from appointments. *See In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports a finding that termination is in the best interest of the child). S.G. either failed to attend appointments to be screened for drug treatment or was dismissed from treatment as unsuccessful. Two months before trial, S.G. was arrested for possession of heroin. Although she was released from jail, the charge remained pending. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child). S.G. began an outpatient drug treatment program one month before trial; however, the caseworker testified S.G. began demonstrating aggressive behavior the week before trial which

S.G. previously described as a symptom of her drug use. Two days before trial, S.G. refused to take a drug test and was cussing at the caseworker. S.G. testified she was frustrated because she was undergoing weekly drug tests through her outpatient treatment.

S.G.'s visits with E.X.G. were contingent on negative drug tests, and she failed to attend many of her drug tests. Since February of 2018, five months before trial, S.G. had visited with E.X.G. only seven times, and six of those visits occurred after she was arrested and released in May of 2018. *See K.M. v. Tex. Dep't of Family & Protective Servs.*, 388 S.W.3d 396, 405 (Tex. App.—El Paso 2012, no pet.) (discussing parent's failure to visit child as a factor supporting a decision that the best interest of the child required termination). S.G. admitted she was not employed and was living with her mother; however, she testified her relationship with her mother involved "a lot of altercations." *See In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting parent's inability to provide a stable home supports a finding that termination is in the best interest of the child).

S.G. was also a victim of domestic violence. The caseworker observed bruises on S.G.'s face and arms, and S.G. admitted to the caseworker that one man threatened to kill E.X.G. to get back at her. The caseworker testified the domestic abuse continued throughout the pendency of the case. *In re O.N.H.*, 401 S.W.3d 681, 685-86 (Tex. App.—San Antonio 2013, no pet.) (considering evidence of domestic violence as relevant to a child's best interest).

Although E.X.G. stated he loved his mom, he felt disappointed and betrayed when she failed to visit. E.X.G. was placed with his maternal uncle in 2016 during family based services before the Department filed the petition to terminate S.G.'s parental rights. E.X.G. is bonded with his uncle who wants to adopt him.

Having reviewed the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that termination of S.G.'s parental rights was in E.X.G.'s best interest.

**CONCLUSION**

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice
