

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00751-CV

**IN RE R.P. III**, N.J.P., L.M.P., T.J.P., and D.D.P., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02162
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: January 30, 2019

AFFIRMED

R.P., Jr. appeals the trial court's order terminating his parental rights to R.P. III, N.J.P., L.M.P., T.J.P., and D.D.P. The only issue presented on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the children's best interest. We affirm the trial court's order.

## BACKGROUND

On September 27, 2017, the Texas Department of Family and Protective Services filed a petition to terminate R.P., Jr.'s parental rights to his five children. On September 20, 2018, a bench trial was held. At the time of the trial, the children were seventeen, fourteen, thirteen, twelve, and nine. R.P., Jr. was not present at trial. At the conclusion of the trial, the trial court terminated R.P., Jr.'s parental rights, and he appeals.

**STANDARD OF REVIEW AND STATUTORY REQUIREMENTS**

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of the following three predicate grounds under subsection 161.001(b)(1) to terminate R.P., Jr.'s parental rights: (1) constructively abandoned the children; (2) failed to comply with a court-ordered service plan; and (3) used a controlled substance in a manner that endangered the health or safety of the children and failed to complete a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(N), (O), (P); *see also In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (noting evidence that proves one or more statutory grounds for termination may be probative in proving termination is in the child's best interest). The trial court also found clear and convincing evidence that termination of R.P., Jr.'s parental rights was in the children's best interest.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

**BEST INTEREST FINDING**

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the

child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id*. The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The Department's caseworker testified the children were removed from R.P., Jr.'s care after he physically abused one of the children. The Department also had concerns about R.P., Jr.'s drug use.

The caseworker testified R.P., Jr. had not completed his service plan. *In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports a finding that termination is in the best interest of the child). Although R.P., Jr. went for a drug assessment, he was unable to complete treatment because he was arrested and incarcerated. The caseworker did not recall the charges against R.P., Jr. that led to his incarceration. The Department had a special staffing in an effort to have R.P., Jr. re-engage in services, but the effort was not successful. At the special staffing, R.P., Jr. admitted to having a strong addiction to methamphetamines and various prescription pills. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child). Although R.P., Jr. was initially visiting

with the children twice a month, his visits tapered off towards the middle of the case after he reunited with the children's mother who never engaged in services or visited the children, admitted to using methamphetamines and heroin, and whose parental rights were also terminated. *See K.M. v. Tex. Dep't of Family & Protective Servs.*, 388 S.W.3d 396, 405 (Tex. App.—El Paso 2012, no pet.) (discussing parent's failure to visit child as a factor supporting a finding that termination was in child's best interest). R.P., Jr.'s last visit with the children was around July of 2018, and the caseworker's last contact with R.P., Jr. was in June of 2018. R.P., Jr. did not have a residence at that time and told the caseworker he was "staying with friends here and there." *See In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting parent's inability to provide a stable home supports a finding that termination is in the best interest of the child). As previously noted, R.P., Jr. did not appear for trial.

The caseworker testified the children have been placed with family members who are providing safe and stable environments for them and want to adopt them. The three older children are placed with their maternal grandmother, and the two youngest children are placed with their paternal uncle. The children are happy in their placements, and the family members are meeting all of their needs. *See In re Z.C.*, 280 S.W.3d 470, 476 (Tex. App.—Fort Worth 2009, pet. denied) (noting stability and permanence are important to upbringing of a child and affirming finding that termination was in child's best interest when child was thriving in current placement).

Having reviewed the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that termination of R.P., Jr.'s parental rights was in the children's best interest.

## CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice