

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00664-CV

**IN THE INTEREST OF A.D.J.,** a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA01781
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Karen Angelini, Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  March 21, 2018

AFFIRMED

This is an accelerated appeal from the trial court's order terminating Appellant's parental rights to her daughter, A.D.J.  In a single issue, Appellant challenges the sufficiency of the evidence in support of the trial court's finding that termination of her parental rights was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2017).  We affirm the trial court's Order of Termination.

### BACKGROUND

The caseworker for the Texas Department of Family and Protective Services ("the Department") testified that A.D.J. was removed from Appellant's home in August 2016 due to reports of family violence between Appellant and A.D.J., who was then fourteen years old.  In addition, Appellant had told the Department she no longer wanted A.D.J. in her home.  A.D.J. told

the caseworker there was drug use and prostitutes in her mother's apartment. She also told the caseworker her mother would come home after she had been drinking and they would get into yelling arguments. According to A.D.J. and the neighbors, these fights occurred almost daily. On the day she was removed, A.D.J. had a cut above her eye from something that Appellant had thrown at her. The caseworker testified that if termination were to occur, the Department planned for A.D.J. to be adopted by her maternal aunt, with whom she was living at the time of trial. A.D.J. was doing "very well" in her aunt's home. A.D.J. told the caseworker she wanted to be adopted by her maternal aunt.

The caseworker testified that, in her opinion, it was in the best interest of A.D.J. for parental rights to be terminated because Appellant could not provide for A.D.J.'s needs, had not engaged in services, and had not had regular contact with A.D.J. Appellant and A.D.J. did speak on the phone on a regular basis and A.D.J. enjoyed speaking with her. The two have attended family events together; A.D.J. told the caseworker it was nice to see her mother but that she wanted to be adopted by her aunt. Appellant had previously been criminally charged with theft of property and driving while intoxicated with a child in the vehicle under the age of 15.

The caseworker opined that Appellant was unable to provide a stable home for A.D.J. and has not demonstrated that she is an appropriate caregiver because she has not engaged in services and she has not visited the caseworker so that the caseworker could observe the parent-child relationship. Appellant underwent a psychiatric evaluation and was diagnosed with an unspecified mood disorder. The evaluating physician recommended that Appellant engage in long-term mental health care and anger management and parenting classes, but she did not. Appellant was discharged from both individual and family counseling due to "no shows" and not making progress. The caseworker opined that Appellant was currently not mentally stable.

Appellant testified that she engaged in services. She completed parenting classes. She was told by the caseworker that she did not need to participate in family violence counseling. She completed a psychological evaluation but was never contacted regarding any follow up. Appellant stated she has a one-bedroom apartment and can provide a stable home for A.D.J. Appellant testified she and A.D.J. had some disagreements but she never abused her daughter. She described A.D.J. as a teenager who "wanted to do what she wanted to do." She stated she speaks to A.D.J. every day and sees her every weekend. Appellant did not believe that it was in A.D.J.'s best interest to be adopted by her aunt. She stated, "[A.D.J.] loves me" and "wants to be with her mother." Appellant had difficulty communicating with the Department, stating the caseworker never responded to her text messages. Appellant denied A.D.J. had a cut above her eye the day she was removed, and stated that it was just an old scar.

On cross-examination, Appellant stated she had been diagnosed with PTSD, anxiety, depression, insomnia, and bipolar disorder. She stated she takes prescription medication for these conditions and that she provided proof of medication to the Department, though she conceded she had not provided any information to the Department in the last six months. Appellant admitted parental rights to one of her other children had recently been terminated.

On recall, the caseworker denied telling Appellant that she did not need to complete family violence counseling. The caseworker did not have any knowledge of Appellant taking prescription medications. At the conclusion of the bench trial, the trial court terminated Appellant's rights to A.D.J.

### PREDICATE FINDINGS

Appellant does not challenge the sufficiency of the evidence to support the predicate statutory grounds for terminating her parental rights. The trial court concluded there was clear and convincing evidence that Appellant constructively abandoned the child and failed to comply with

the provisions of a court order specifically establishing the actions necessary for Appellant to obtain the return of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O).

## BEST INTEREST

Appellant challenges the sufficiency of the evidence that termination of her parental rights was in the child's best interest. A trial court may order termination of the parent-child relationship only if the court finds by clear and convincing evidence one or more statutory grounds for termination and that termination is in the child's best interest. *Id.* §§ 161.001(b)(1), (2); 161.206(a). There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West Supp. 2017). In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See id*. § 263.307(b).

We also apply the non-exhaustive *Holley* factors to our analysis.[1] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Finally, evidence that proves one or more statutory ground for termination may constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). A best interest analysis may consider circumstantial evidence, subjective

---

[1] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and(9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

factors, and the totality of the evidence as well as the direct evidence. *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). A trier of fact may measure a parent's future conduct by her past conduct and determine whether termination of parental rights is in the child's best interest. *Id.*

When reviewing the sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency).

On appeal, Appellant contends many of the *Holle*y factors were ignored at trial. A best-interest finding, however, does not require evidence concerning every *Holley* factor. The Texas Supreme Court recognized "that [the *Holley*] considerations are [not] exhaustive [and] that [not] *all* such considerations must be proved as a condition precedent to parental termination." *C.H.*, 89 S.W.3d at 27 (emphasis in original). "The absence of evidence about some of [the *Holley*] considerations would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest, particularly if the evidence were undisputed that the parental relationship endangered the safety of the child." *Id.* Therefore, while we will consider Appellant's complaint about the purported lack of evidence of some *Holley* factors, the ultimate question before us is whether the evidence, as a whole, is sufficient for the trial court to have formed a strong conviction or belief that termination of Appellant's parental rights was in A.D.J.'s best interest. *See id.*

A.D.J., who was fifteen years old at the time of trial, wished to be adopted by her maternal aunt. A.D.J. told the caseworker she and Appellant fought almost daily and that she was exposed to drug use and prostitutes while in her mother's care. Appellant admitted she suffered from several mental health conditions and did not provide proof to the Department that she was taking

prescription medication to treat the conditions. Appellant admitted her parental rights to another child were recently terminated. *See In re E.C.R.*, 402 S.W.3d 239, 250 (Tex. 2013) (factfinder may consider a parent's history with her other children in making best interest determination).

When A.D.J. was removed from Appellant's home, the Department implemented a service plan to help Appellant improve her parenting; the trial court ordered Appellant to comply with the requirements of the plan and the return of A.D.J. was conditioned upon completion of the plan. Requirements of the plan included attending parenting classes, individual counseling, family counseling, and substance abuse meetings, as well as completing a psychological evaluation and following any recommendations made on the evaluation. Although Appellant believed she had done all that was required of her under her service plan, the Department caseworker testified Appellant had not completed her service plan. *See In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting failure to comply with family service plan supports finding that termination is in child's best interest); *see also In re A.H.*, No. 04–15–00416–CV, 2015 WL 7565569, at *9 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem. op.) (holding failure to complete family service plan is indicative of failure to prioritize child). Notably, Appellant failed to attend substance abuse meetings and did not complete individual and family counseling. She also failed to follow recommendations made on the psychological evaluation.

Viewing the evidence related to the *Holley* factors in the light most favorable to the trial court's finding, we conclude the evidence is legally sufficient to support a firm belief or conviction that termination of Appellant's parental rights was in A.D.J.'s best interest. *See Holley*, 544 S.W.2d at 372. Having given due consideration to the disputed evidence in the case, we reach the same conclusion regarding the factual sufficiency of the evidence. Any evidence favoring a decision contrary to the trial court's decision "is not so significant that no reasonable juror could have formed a firm belief or conviction" that termination of Appellant's parental rights is in the

best interest of the child. *See In re K.M.L.*, 443 S.W.3d 101, 117 (Tex. 2014); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

## CONCLUSION

We overrule Appellant's sole issue on appeal and affirm the trial court's Order of Termination.

Rebeca C. Martinez, Justice