

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00339-CV

IN THE INTEREST OF Z.G. AND C.C.-G., CHILDREN

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 90,157-D, Honorable Carry Baker, Presiding

January 4, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant K.G., the father of Z.G. and C.C.-G, appeals from the trial court's order terminating his parental rights to his children.[1]  He challenges the order through two issues.  We will affirm.

## Background

K.G. and the children's mother were not married but dated for the better part of nine years.  During that nine years, the couple had two children, Z.G, aged seven at the

---

[1] To protect the children's privacy, we will refer to the father and the children by their initials and to the mother as "the mother."  TEX. FAM. CODE ANN. § 109.002(d) (West 2017); TEX. R. APP. P. 9.8(b).

time of the final hearing, and C.C.-G, aged five.[2]  Both parents used illegal drugs.  The mother testified she and K.G. used cocaine and marijuana together and the mother often used methamphetamine.  In November 2016, appellee, the Texas Department of Family and Protective Services, became involved with the family after a report of drug use and negligent supervision.  At that time, K.G. was not living with the mother or his children.  The children were living in a home with their mother, their maternal grandparents and another family member.  Drug screens of the mother, the grandparents, and the other family member showed positive results for illegal substances.  C.C.-G's drug screen showed methamphetamine in her system.   K.G.'s drug screen showed positive results for cocaine and marijuana.  Subsequent drug screens indicated K.G. and the mother continued to use illegal substances.

In June 2017, the Department filed pleadings that included a petition for protection of a child, for conservatorship and for termination in suit affecting the parent-child relationship.  The trial court entered an order removing the children from the care of K.G. and the mother.  The children were placed with a maternal aunt and remained there at the time of the final hearing.

The trial court held the final hearing in August 2018.  At that time, the children were doing well in their placement.  K.G. and the mother testified, admitting to their continued drug use despite completion of a rehabilitation program in April 2018.  K.G. had several positive drug screens following his release from treatment.  A Department employee and

---

[2] The mother also has another child with another man.  Both the mother's and that father's parental rights to that child were terminated in this proceeding.   Those terminations are not at issue in this appeal.

a caseworker also testified. The caseworker expressed her opinion that it was in the best interest of the children that K.G.'s parental rights be terminated.

The trial court terminated K.G.'s parental rights based on four predicate grounds, endangering conditions, endangering conduct, failure to comply with a court order establishing actions necessary for return of the children, and endangering use of controlled substances despite court-ordered treatment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O), and (P) (West 2018). It found also clear and convincing evidence supported a conclusion that termination of K.G.'s parental rights was in the children's best interest. TEX. FAM. CODE ANN. § 161.001(b)(2). It appointed the Department as permanent managing conservator of the children.

Analysis

Best Interest

Through his first issue, K.G. argues the evidence is legally and factually insufficient to support the trial court's best interest finding.

The Family Code permits a trial court to terminate parental rights if the Department establishes one or more of the statutory grounds for termination, and that termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001(b); *In re S.M.R.*, 434 S.W.3d 576, 580 (Tex. 2014). Because the proceeding terminates fundamental liberty interests of the parent, the evidence must be clear and convincing to justify termination. *Id.* (citing *In re E.C.R.*, 402 S.W.3d 239, 240 (Tex. 2013)). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief

or conviction as to the truth of the allegations sought to be established. Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. § 101.007 (West 2014); *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

K.G. does not challenge the predicate grounds under which the trial court terminated his parental rights. *See* Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. § 161.001(b)(1)(D), (E), (O), and (P). He concedes the evidence is sufficient to support those grounds given his continued drug use throughout the case. *See In re D.S.,* 333 S.W.3d 379, 388-89 (Tex. App.— Amarillo 2011, no pet.) (appellate court bound by unchallenged findings supporting termination). Further, K.G. acknowledges the same evidence that supports the predicate grounds for termination under section 161.001(b)(1)(D), (E), (O), and (P) is relevant to the best interest finding under section 161.001(b)(2). *In re C.H.,* 89 S.W.3d at 28 (so holding).

However, K.G. asserts that when the *Holley* factors and the factors set forth in Family Code section 263.307(b) are considered, the trial court's best interest finding should be reversed. *See Holley v. Adams,* 544 S.W.2d 367, 371-72 (Tex. 1976) (citations omitted); Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. § 263.307(b) (West 2018) (setting forth factors). In evaluating the best-interest evidence for legal sufficiency in parental-rights termination cases, we determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the court's best interest finding was true. *In re J.P.B.,*180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (citing *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002)). We review all the evidence in the light most favorable to the best interest finding and judgment. *Id.* We resolve any disputed facts in favor of the finding if a reasonable factfinder could have done so and we disregard all evidence that a reasonable factfinder could have disbelieved. *Id.* We consider undisputed evidence even if it is contrary to the

finding. *Id.* Witness credibility issues "that depend on appearance and demeanor cannot be weighed by the appellate court; the witnesses are not present." *Id.* (citation omitted).

We are required to perform "an exacting review of the entire record" in determining whether the evidence is factually sufficient to support the termination of a parent-child relationship. *In re A.B.*, 437 S.W.3d 498, 500 (Tex. 2014). In reviewing the evidence for factual sufficiency, we give due deference to the factfinder's findings and do not supplant its judgment with our own. *In re H.R.M.,* 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, based on the entire record, a factfinder could reasonably form a firm conviction or belief that termination of the parent-child relationship would be in the best interest of the child. *In re C.H.,* 89 S.W.3d at 28. There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006).

Most significant here is K.G.'s continued drug use despite participation in an in-patient treatment facility. Both parents admitted to using drugs together prior to the removal of their children. K.G. admitted to his continued use, including his use in May 2018, the month after he completed drug treatment. Drug screens showed positive results in July and August 2018.[3] This evidence provides strong support for the trial court's finding that it was in the children's best interest that K.G.'s rights be terminated. *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—

---

[3] K.G. admitted to his use in May 2018, stating he was being "selfish" and "stubborn" and knew that by using those drugs, he was risking the return of his children. He also admitted he tested positive twice more after May but did not have an explanation for those positive tests.

5

Dallas 1995, no writ) (parents' "drug-related conduct is a significant factor" to which the factfinder "could have attached great weight in evaluating the best interests of the child").

The trial court also reasonably could have inferred from the evidence presented that K.G.'s drug use would continue, and such conduct would endanger his children's physical and emotional well-being. *Toliver v. Tex, Dep't of Family & Protective Servs.,* 217 S.W.3d 85, 102 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (parent's "frequent and long-term use of narcotics endangered the children's welfare"). This too weighs in favor of termination of K.G.'s rights.

K.G. admitted he continued to use drugs and failed to complete most of the services set forth in the service plan provided to him by the Department. K.G. acknowledged many omissions, including his failure to obtain and maintain stable housing, failure to complete recommended programs and counseling, failure to provide documentation to the Department and failure to maintain regular contact with the Department. This evidence supports the trial court's finding that termination of K.G.'s rights was in the best interest of his children. Nothing in the record shows K.G. took any steps to demonstrate his desire or ability to care for his children or to take advantage of programs or other support to help him with that responsibility. *See In re S.B.,* 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) ("a parent's drug use, inability to provide a stable home, and failure to comply with his family service plan support a finding that termination is in the best interest of the child").

The children were, as noted, ages seven and five at the time of the final hearing. Their "young ages render them vulnerable if left in the custody of a parent unable or

unwilling to protect them or to attend to their needs." *In re B.D.A.,* 546 S.W.3d 346, 361 (Tex. App.—Houston [1st Dist.] 2018, pet. filed). While the record does not indicate whether the children desired to remain in placement or return home with their parents, one of the Department employees who observed visits among the mother, K.G., and the children testified that the children seemed "indifferent" to the parents.

Lastly, there is nothing in the record to show K.G. had a plan in place to care for his children. At the time of the final hearing, K.G. had tested positive for illegal substances, was involved with the mother, and was living with her parents. This is the same situation from which the children had been removed. Both the mother and K.G. admitted during testimony that their living situation was not a stable one and not an environment best for the children.[4] The children were doing "excellent" in their placement with their maternal aunt and both parents acknowledged the children were well cared-for. And, the caseworker testified the aunt expressed a desire to adopt the children, something K.G. testified would be in his children's best interest if his rights were terminated. This evidence supports the trial court's finding that termination of K.G.'s rights was in the children's best interest. *See In re K.C.,* 219 S.W.3d 924, 931 (Tex. App.— Dallas 2007, no pet.) (need for a stable and permanent home is the "paramount consideration" in assessing best interest of children); *Adams v. Tex. Dept. of Family & Protective Servs.,* 236 S.W.3d 271, 280 (Tex. App.—Houston [1st Dist.] 2007, no pet.)

---

[4] The record also contains references to past domestic violence between the mother and K.G. The mother testified, however, that there was no domestic violence occurring at the time the Department filed the suit concerning the children.

(parent's history of failing to provide children with consistent and stable environment supports finding that termination of parental rights is in children's best interest).

For these reasons, and after a detailed review of the entire record, we find the evidence both legally and factually sufficient to support the trial court's finding that termination of K.G.'s parental rights was in the children's best interest. We resolve K.G.'s first issue against him.

Appointment of Department as Managing Conservator

In his second issue, K.G. argues the evidence was insufficient to support the trial court's appointment of the Department as the children's managing conservator. While K.G. concedes the evidence was sufficient to support the predicate grounds, he nevertheless asserts the evidence failed to show K.G. used illegal drugs in the children's presence or emotionally or physically harmed the children. He also contends the children were in good care with the aunt and there "is nothing that would harm these children by having a relationship with K.G." The Department argues K.G.'s second issue is without merit. We agree.

We review a conservatorship determination for an abuse of discretion and will reverse only if the decision is arbitrary and unreasonable. *In re J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007) (citation omitted). Texas Family Code section 161.207(a) provides in part that if the court terminates the parent-child relationship with respect to both parents or to the only living parent, the court shall appoint "a suitable, competent adult," the Department, or a licensed child-placing agency as managing conservator of the child. TEX. FAM. CODE ANN. § 161.207(a).

8

Here, K.G. conceded the evidence was sufficient to support the predicate grounds. And we have concluded the evidence was sufficient to support the trial court's findings under section 161.001(b)(2). There was no evidence presented to establish appointment of another suitable, competent adult as conservator of the children. The father's argument against the trial court's appointment of the Department as the permanent managing conservator is thus without merit. *In re N.T.,* 474 S.W.3d 465, 481 (Tex. App.—Dallas 2015, no pet.) (citations omitted). We overrule K.G.'s second issue.

## Conclusion

Having resolved each of K.G.'s issues against him, we affirm the judgment of the trial court.

James T. Campbell
Justice