

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00051-CV

**IN THE INTEREST OF A.B.**, a Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-02855
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 28, 2021

AFFIRMED

Appellant appeals the trial court's order terminating his parental rights to A.B.[1] Appellant challenges one of the three predicate grounds for termination recited in the trial court's written order and the trial court's best interest finding. We affirm.

### BACKGROUND

On December 26, 2018, the Texas Department of Family and Protective Services ("Department") filed a petition to terminate appellant's parental rights as the father of A.B. The Department sought termination pursuant to multiple predicate grounds under Texas Family Code section 161.001(b)(1).

---

[1] To protect the identity of the minor child, we refer to the child by initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

After a bench trial that began on May 19, 2020 and concluded on June 12, 2020, the trial court terminated appellant's parental rights pursuant to Family Code section 161.001(b)(1), subsections (E) (endangerment by conduct), (N) (constructive abandonment), and (O) (failure to comply with provisions of court order).[2] The trial court also found that termination of appellant's parental rights was in the child's best interest. The Order of Termination was signed on January 26, 2021.

On appeal, appellant challenges the legal and factual sufficiency of the evidence on which the trial court relied to conclude endangerment by conduct under subsection (E) and that termination was in the best interests of A.B. He does not challenge the predicate findings under subsections (N) and (O). We address subsection (E) first.

## STANDARD OF REVIEW

The involuntary termination of a natural parent's rights implicates fundamental constitutional rights and "divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent." *In re S.J.R.-Z.*, 537 S.W.3d 677, 683 (Tex. App.—San Antonio 2017, pet. denied) (internal quotation marks omitted). "As a result, appellate courts must strictly scrutinize involuntary termination proceedings in favor of the parent." *Id.* The Department had the burden to prove, by clear and convincing evidence, both that a statutory ground existed to terminate appellant's parental rights and that termination was in the best interests of the child. TEX. FAM. CODE § 161.206; *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth

---

[2] The trial court likewise terminated the mother's parental rights.

of the allegations sought to be established." TEX. FAM. CODE § 101.007; *In re S.J.R.-Z.*, 537 S.W.3d at 683.

When reviewing the sufficiency of the evidence supporting a trial court's order of termination, we apply well-established standards of review. *See In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). To determine whether the Department presented clear and convincing evidence, a legal sufficiency review requires us to "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *Id.* at 266. We "assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *In re R.S.-T.*, 522 S.W.3d 92, 98 (Tex. App.—San Antonio 2017, no pet.). "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *In re J.F.C.*, 96 S.W.3d at 266. Nevertheless, "we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the heightened burden of proof by clear and convincing evidence." *In re S.L.M.*, 513 S.W.3d 746, 748 (Tex. App.—San Antonio 2017, no pet.). If a reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally sufficient. *Id*. at 747.

In contrast, in conducting a factual sufficiency review, we must review and weigh all the evidence, including the evidence that is contrary to the trial court's findings. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). We consider whether the disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the challenged finding. *In re J.F.C.*, 96 S.W.3d at 266. The evidence is factually insufficient only if "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

In both legal and factual sufficiency review, the trial court, as factfinder, is the sole judge of the weight and credibility of the evidence. *In re A.F.*, No. 04-20-00216-CV, 2020 WL 6928390, at *2 (Tex. App.—San Antonio Nov. 25, 2020, no pet.) (mem. op.). We must defer to the factfinder's resolution of disputed evidentiary issues and cannot substitute our judgment for that of the factfinder. *See, e.g., In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

### STATUTORY TERMINATION GROUNDS

*Applicable Law*

The trial court terminated appellant's parental rights pursuant to Texas Family Code section 161.001(b)(1), subsections (E), (N) and (O). In his first argument on appeal, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's predicate findings. When, as here, the trial court terminates a parent's rights on multiple predicate grounds, we may affirm on any one ground. *In re A.V.*, 113 S.W.3d at 362; *In re D.J.H.*, 381 S.W.3d 606, 611–12 (Tex. App.—San Antonio 2012, no pet.).

In general, assuming a best interest finding, only one predicate ground under section 161.001(b)(1) is sufficient to support a judgment of termination. *In re A.V.*, 113 S.W.3d at 362; *In re F.B.C.L.*, 04-20-00477-CV, 2021 WL 1649221, at *1 (Tex. App.—San Antonio Apr. 28, 2021, no pet. h.); *In re A.R.R.*, No. 04-18-00578-CV, 2018 WL 6517148, at *1 (Tex. App.—San Antonio Dec. 12, 2018, pet. denied) (mem. op.). To be successful on appeal, an appellant must challenge all the predicate grounds upon which a trial court based its termination order. *In re S.J.R.-Z.*, 537 S.W.3d at 682. When an appellant does not challenge all the grounds that may support an order of termination, we typically do not address the sufficiency of the evidence of any of the predicate grounds for termination. *See In re A.V.*, 113 S.W.3d at 361–62; *In re S.J.R.-Z.*, 537 S.W.3d at 682.

Instead, we must accept the validity of the unchallenged grounds and affirm the termination order. *See In re A.V.*, 113 S.W.3d at 361–62; *In re S.J.R.-Z.*, 537 S.W.3d at 682.

However, because termination under subsection 161.001(b)(1)(D) or (E) may have implications for a parent's parental rights to other children, appellate courts are instructed to address issues challenging a trial court's findings under those subsections. *In re N.G.*, 577 S.W.3d 230, 236–37 (Tex. 2019). Therefore, we will consider appellant's sufficiency argument as to subsection E even though he does not challenge termination under subsections N and O. *See In re L.C.*, No. 12-19-00137-CV, 2019 WL 4727826, at *2 (Tex. App.—Tyler Sept. 27, 2019, no pet.) (mem. op.) (addressing parents' sufficiency challenges to subsections D and E even though they did not challenge all grounds upon which termination could be supported).

Subsection E allows a trial court to terminate a parent's rights if it finds by clear and convincing evidence that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE § 161.001(b)(1)(E). Under subsection E, the trial court determines whether there is evidence that a parent's acts, omissions, or failures to act endangered the child's physical or emotional well-being. *See In re J.T.G.*, 121 S.W.3d at 125. "It is not necessary that the parent's conduct be directed at the child or that the child actually be injured; rather, a child is endangered when the environment or the parent's course of conduct creates a potential for danger which the parent is aware of but disregards." *In re S.M.L.*, 171 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Courts may further consider parental conduct that did not occur in the child's presence, including conduct before the child's birth or after the child was removed from a parent's care. *In re K.J.G.*, No. 04-19-00102-CV, 2019 WL 3937278, at *4–5 (Tex. App.—San Antonio Aug. 21, 2019, pet. denied) (mem. op.). As a general rule, conduct that

subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of the child. *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied).

*Application*

At the time of termination, A.B. was four years old, and appellant had been incarcerated in Bexar County jail for the preceding seventeen months. Appellant was in jail pending trial on charges of continuous sexual abuse of A.B.'s half-sisters. Appellant was alleged to have sexually abused A.B.'s half-sisters sometime in 2017. After A.B.'s half-sisters made accusations of sexual abuse, but before his arrest, appellant moved to North Carolina. Appellant was later arrested for continuous sexual abuse charges and made bond. After making bond, appellant cut off his GPS monitor and was, in his words, "on the run" for a year in Mexico until he was later arrested crossing back into the United States.

Appellant also testified: (1) he knew that A.B. required support while he was on the run in Mexico; (2) he did not know that A.B. was taken into temporary custody by the Department; (3) it was "my fault" that he did not know this because he did not bother to check on A.B.'s well-being; (4) he worked while he was on the run; (5) he sent $200 to A.B.'s mother for A.B.'s support but did not send additional support after an argument with A.B.'s mother; and (6) he did not take advantage of the opportunity to engage in services through the Department because, by his own decision, he was "on the run" in Mexico.

Based on appellant's testimony, the factfinder could reasonably believe that appellant's conduct subjected A.B. to a life of uncertainty and instability. *See In re R.W.*, 129 S.W.3d at 739. While appellant was in North Carolina or a fugitive in Mexico, appellant was not involved in A.B.'s life and did not engage in Department services. Appellant asserts that he could not engage in Department services because he was first on the run and then later incarcerated. But these were the natural and foreseeable consequences of appellant's deliberate decision to violate the

conditions of his bond. Appellant knowingly chose not to remain in A.B.'s life for almost its entirety, and during the limited time that appellant was present in A.B.'s life, appellant was accused of continuous sexual abuse by A.B.'s half-sisters.

After reviewing the evidence under the appropriate standards of review, we conclude that a factfinder could reasonably have formed a firm belief or conviction that appellant's omissions and actions, which subject appellant to the possibility of continued incarceration, negatively impacted A.B.'s living environment and emotional well-being. We therefore hold legally and factually sufficient evidence supports the trial court's finding that appellant violated section 161.001(b)(1)(E), and overrule his arguments to the contrary.

**BEST INTERESTS**

*Applicable Law*

Next, appellant challenges the legal and factual sufficiency of the trial court's order that termination of his parental rights was in the best interests of A.B. There is a strong presumption that a child's best interest is served by maintaining the relationship between a child and the natural parent, and the Department has the burden to rebut that presumption by clear and convincing evidence. *See, e.g.*, *In re R.S.-T.*, 522 S.W.3d at 97. To determine whether the Department satisfied this burden, the Texas Legislature has provided several factors[3] for courts to consider regarding a

---

[3] These factors include, inter alia: "(1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the department; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills [. . .]; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child." TEX. FAM. CODE § 263.307(b).

parent's willingness and ability to provide a child with a safe environment, and the Texas Supreme Court has provided a similar list of factors[4] to determine a child's best interest. TEX. FAM. CODE § 263.307(b); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

A best interest finding, however, does not require proof of any particular factors. *See In re G.C.D.*, No. 04-14-00769-CV, 2015 WL 1938435, at *5 (Tex. App.—San Antonio Apr. 29, 2015, no pet.) (mem. op.). Neither the statutory factors nor the *Holley* factors are exhaustive, and "[e]vidence of a single factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is in the child's best interest." *In re J.B.-F.*, No. 04-18-00181-CV, 2018 WL 3551208, at *3 (Tex. App.—San Antonio July 25, 2018, pet. denied) (mem. op.). Additionally, evidence that proves a statutory ground for termination is probative on the issue of best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). Finally*,* "[a] trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

### *Application*

Appellant presents both a present and future danger to A.B. Although the Department established a service plan for appellant to include family therapy, parenting classes, anger management, and a drug assessment, appellant completed nothing. *See* TEX. FAM. CODE § 263.307(b)(11) (willingness and ability of child's family to effect positive environmental and personal changes within reasonable time period). Appellant's argument that he could not do so

---

[4] Those factors include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist those individuals to promote the best interest of the child; (6) the plans for the child by these individuals or the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

because he was either on the run in Mexico or incarcerated is unavailing considering appellant's acknowledgement that these were the foreseeable consequences of his intentional decisions after he was able to post a bond and be released from jail. In other words, had appellant not cut the GPS monitor and fled to Mexico, he would have had the opportunity to engage in these services.

Appellant testified he did not know A.B. was in Department care because he did not "bother to" check on A.B.'s well-being while on the run in Mexico. The record demonstrates A.B. did not have a stable home during this period. Additionally, the factfinder could have believed that appellant's prolonged fugitive status during the Department's unification attempts is evidence of an unstable lifestyle. Evidence of appellant's unstable lifestyle can support a factfinder's conclusion that termination of parental rights is in the child's best interest. *In re S.B.*, 207 S.W.3d 877, 887 (Tex. App.—Fort Worth 2006, no pet.); *see also In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) (noting that parent's inability to provide stable home supports finding that termination is in the best interest of child). Moreover, appellant's testimony establishes that he does not presently, nor at any foreseeable time in the future, have the ability to adequately care for A.B.

Appellant has not challenged the trial court's findings that he constructively abandoned A.B. Appellant has no relationship with A.B. by virtue of unlawfully fleeing to Mexico after cutting off his GPS monitor. This unchallenged finding is probative of what is in the child's best interest. *In re C.H.*, 89 S.W.3d at 28. Given appellant's deliberate conduct of moving to North Carolina and then abandoning A.B. to flee to Mexico, the factfinder could have reasonably formed a firm belief or conviction that appellant had no interest in parenting A.B. *In re E.D.*, 419 S.W.3d at 620.

After reviewing the evidence under the appropriate standards of review, we conclude a reasonable factfinder could have formed a firm belief or conviction that termination of appellant's

parental rights was in the best interests of A.B. *In re J.F.C.*, 96 S.W.3d at 266. We therefore hold legally and factually sufficient evidence supports the trial court's best interest finding, and we overrule appellant's arguments to the contrary.

## CONCLUSION

We affirm the trial court's order of termination.

Lori I. Valenzuela, Justice